IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

v.

NOAH EISELE,                                                    Case No.:  21-cr-87-jdp

Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The defendant is before this court because he persistently targeted children via Facebook in order to produce particularly degrading child pornography.  In light of the sentencing factors set forth in 18 U.S.C. § 3553(a), and other similarly situated defendants, the government respectfully recommends this court impose a sentence between 15 and 18 years imprisonment, followed by a lengthy term of supervised release.

I.    Factual Background

The indictment in this case charges the defendant with producing child pornography in connection to five different children. (PSR, R. 23, ¶ 1).  Although the relevant dates for each count vary, the charged conduct took place within a seven-month period from April – November 2020. (Id.). He is also charged with possession of child pornography. (Id.).

Like many child exploitation cases that have been before this court, this case involves a defendant soliciting child pornography from children via the internet. Here,

the defendant targeted children on Facebook by posing as a teenage boy. (R. 23, ¶ 8). Upon locating a user that appeared to be an underage girl, he would send a romantic script under the guise of flirting. (Id., ¶ 13). After building some kind of rapport, he would ask for clothed photos of the girl, and escalate his requests to nude photos and videos. Depending on the girl's compliance, he would turn the conversation to one that was increasingly sexual. (Id.). Ultimately, his requests turned to specific demands for photos or videos of the girls masturbating with objects taken from their rooms; gagging themselves with their hands; choking themselves with belts; or other specific sexually explicit poses. (Id.). When some of these children questioned what the defendant meant or how to pose, the defendant provided instructions. (Id.). He also sent these children photos of his own penis and videos of himself masturbating. His victims ranged in age from 11 to 17 years old. (Id. ¶ 12).

Law enforcement uncovered the defendant's conduct after Facebook flagged his account for sharing child pornography to another user. (R. 23, ¶ 8). After linking that account to the defendant, the Rock County Sheriff's Office executed a search warrant and arrested the defendant. (Id., ¶ 10, 11). In an unprotected statement to law enforcement, the defendant admitted to setting up the profile to appear as if he were a teenage boy and using it to solicit sexually explicit photos and videos from Facebook users he believed to be minors. (Id., ¶ 22). He also admitted to sending photos of his penis, and videos of himself masturbating. (Id.). He estimated soliciting child pornography from 100 girls, and that half complied with his requests. (Id.).

The FBI confirmed the identity and age of several of these children through interviews, including the five girls who are listed in the indictment as the victims of Counts 1 through 5. (R. 23, ¶¶ 23 – 27).  Some additional minors were identified, although the total number of actual children successfully targeted by the defendant remains unknown. (Id., ¶ 28).

II.   <u>Sentencing Guidelines</u>

The guideline term of imprisonment in this case is 360 months, with at least five years of supervised release to follow. (R. 23, ¶ 114 – 116). Neither party objected to this calculation. Additionally, the count of conviction carries a mandatory minimum term of imprisonment of 15-years. (Id., ¶ 112).

III.   <u>Recommendation</u>

The government argues that a sentence between 15 and 18 years imprisonment is sufficient but no greater than necessary to reflect the seriousness of the defendant's conduct. This sentence is also appropriate in consideration of the other sentencing factors set forth in Title 18 U.S.C. § 3553(a), including the defendant's personal characteristics and the need to protect the public. The government asks that the court impose a lengthy term of supervised release to follow.

The number of identified and unidentified victims and the scope of defendant's Facebook activity demonstrates that the nature of his conduct was prolific and persistent. Here, the defendant almost methodically employed a flirtatious script and pattern of making increasingly sexual requests. The use of this script was not only efficient—conceivably he could easily copy and paste it—but it also served the purpose

of testing boundaries with each child. As the defendant stated in his interview with law enforcement, he started conversations and "waited to see how far it would go." (R. 23, ¶ 22).

The timeline of his charged conduct further paints how persistent he was in his efforts: in seven months, the defendant successfully went from one charged victim to the next in order to obtain child pornography. The volume of his Facebook content is also staggering, and likewise demonstrates how much time and effort he invested in this scheme. Over the course of about one year, he sent or received 313,301 messages. (R. 23, ¶ 12). While it's impossible to say whether all of those messages were tied to his child exploitation scheme, that number seems to indicate that he spent a significant amount of time using this Facebook account. The number of identified and unidentified children certainly suggests the same, as does his admissions with respect to how many children he messaged.

An additional aggravating circumstance in this case is that the defendant's method of producing child pornography relied on deceit and the exploitation of the victims' lack of emotional intelligence and worldly experience. The defendant represented to these children that he was a teenage boy, and used photos he pulled from the internet to create his profile. From their interviews and their Facebook correspondence, it is obvious these girls were just that: children with limited experiences and lacking the same ability to discern deception as adults. The internet allowed the defendant to easily deceive these children, target them, and exploit their inherent vulnerability.

The result of the defendant's persistent and deceitful conduct was the production of particularly degrading and humiliating child pornography. He was able to convince children to not only send him sexual content, but in some instances sexually sadistic and degrading content, including gagging themselves and using belts to choke themselves. In one instance, he instructed a 15-year-old girl to insert objects inside of herself and wrap something around her neck to choke herself. (R. 23, ¶ 17). The defendant did not merely seek out and download already existing child pornography on the internet; he specifically instructed children to engage in sexually explicit conduct for his own gratification.

This case is not without some mitigating factors. The defendant is not a person in a position of authority over children, like a teacher, nor does he hold a special role that relies on public trust, like a judge. There is also no evidence that the defendant committed hands-on sexual assaults or attempted to meet any of these children. He also did not extort or threaten to extort these children in order to receive photos or videos. Beyond the instant criminal conduct, the defendant appears to have lived a crime-free and relatively pro-social life. However, the fact remains that the defendant persistently targeted and degraded children for his own gratification, and relied on deceit in order to do so. Based on the content of the photos and videos he requested and received, his conduct should nonetheless be considered abusive and treated seriously.

In addition to reflecting the seriousness of the offense, the government's recommendation also provides for just punishment and is similar in length to sentences received by defendants convicted in similar, recent cases. In *United States v. Cash Otradovec*, 21-cr-44, this court imposed a sentence of 17.5 years imprisonment and 15 years of supervised release after the defendant pled guilty to one count of production of child pornography. Like in this case, Otradovec used the internet to pose as multiple teen girls in order to solicit child pornography from boys. In *United States v. McKenzie Johnson*, 21-cr-88, District Court Judge William Conley imposed a sentence of 20 years imprisonment and 20 years of supervised release after the defendant pled guilty to one count of producing child pornography and one count of possession of child pornography. Johnson, a teacher, used the internet to find young girls and engage in sexual conduct with them by video chat.  While no two cases present an identical fact pattern, or identically situated defendant, these cases are comparable in terms of the method of production and the age of the victims involved. Recognizing that there are important differences in these cases, the government asserts that a sentence between 15 and 18 years imprisonment achieves parity with other federal defendants.

IV.   <u>Recommendation</u>

For the foregoing reasons, and reasons to be further addressed at sentencing, the government respectfully requests this court impose a sentence between 15 and 18 years imprisonment, to be followed by a lengthy period of supervised release.

Dated this 23rd day of May, 2022.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:

_____

TAYLOR L. KRAUS
Assistant United States Attorney